(C. D. 186)

H. P. COOPER & Co. v. UNITED STATES

United States Customs Court, Second Division

(Decided June 26, 1939)

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton deC. Tompkins* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of Chicago, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as grooved split pulleys, shaft boxes for 1⅜₆-inch shaft, shaft box Y hangers, left single idlers, right single idlers, screw drivers, machine hinge plates, machine hinge connections, and shaft collars. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 15 per centum ad valorem under paragraph 372 of said act as sewing machine parts for sewing machines valued at not more than $75 each, or, alternatively, at the rate of 27½ per centum ad valorem under said paragraph 372 as parts of machines not specially provided for.

At the hearing held at Chicago on November 1, 1938, the protest was abandoned so far as it relates to the machine hinge plates and the machine hinge connections, and counsel for the plaintiffs in their brief filed herein further abandon the protest so far as it relates to the screw drivers.

A sample of one of the 10-inch pulleys was introduced in evidence and marked Exhibit 1. There was also introduced in evidence as Illustrative Exhibit A a pictorial representation of a power table on which is located a sewing machine showing how the imported pulley wheel is clamped on a power-driven shaft, the sewing machine being operated from such pulley by a series of belts.

In addition to the exhibits, the plaintiffs offered in evidence the testimony of a single witness, Michael J. Kelson, manager of the plaintiff corporation. No evidence was offered by the Government.

The witness testified that, as shown on Illustrative Exhibit A, pulleys like Exhibit 1 are clamped on a power-driven shaft, and the sewing machine is operated from such pulley by a series of belts; that the kind of sewing machines used with these pulley wheels is Singer sewing machines especially constructed with this particular type of pulley wheel; that he did not know any other use for such pulley wheels except in connection with Singer sewing machines; that the articles invoiced as idlers are used to keep the belt in proper operating order, the left idler carrying the belt over the machine and the right idler carrying it over the shaft to the pulley; and that these particular idlers are specially designed for use in connection with Singer sewing machines.

On cross-examination he testified that the Singer sewing machines to which he referred in his direct testimony were a gang of machines used in a manufacturing establishment; that the so-called power table

not only supports the machines but transmits power to operate all of the machines at the same time; that the pulleys, idlers, belts, and clutches are underneath the power table; that the clutch is under the table whereas the sewing machine is on top of the table; that the sewing machines could not be operated without the clutch or the power table.

Upon this record counsel for the plaintiffs in their brief filed herein apparently abandon their claim that the pulleys and the idlers, which are the only articles of those above invoiced concerning which there is any testimony, are parts of sewing machines. Apparently they now contend that such articles are parts of machines not specially provided for, within the meaning of said paragraph 372, citing in support of such contention the decision in *Japan Import Co.* v. *United States,* T. D. 49224, 72 Treas. Dec. 490. That case involved the question of the dutiable classification of certain transmitters and parts thereof employed in connection with power tables which were used to operate power-driven sewing machines. Such transmitters were assessed with duty at the rate of 27½ per centum ad valorem under said paragraph 372 as parts of machines not specially provided for. They were claimed to be properly dutiable at but 15 per centum ad valorem as sewing machine parts for sewing machines valued at not more than $75 each. It was there held that, being merely parts of a power transmitting medium, the transmitters were not parts of sewing machines. The claim of the plaintiff was therefore overruled and the classification of the collector of the merchandise as parts of machines not specially provided for under said paragraph 372 was affirmed.

While it is true that in our said decision we stated that the transmitters were parts of a power table "which may well answer the definition of a machine as judicially enunciated," nevertheless in the instant case there is no evidence that the power table shown in Illustrative Exhibit A is in itself a machine. The only evidence before us is that certain pulleys and so-called idlers assist in transmitting power from some power plant to a gang of sewing machines.

In the last-cited case we said:

In the recent case of *Henry A. Wess, Inc.* v. *United States*, Abstract 26564, 65 Treas. Dec. 1206, we had before us the dutiable classification of certain flexible steel shafts employed to transmit the motivating power to certain grinding machines used in concrete-surfacing work. They were assessed with duty at the rate of 35 per centum ad valorem under paragraph 353 of the Tariff Act of 1930 as parts of articles having as an essential feature an electrical element or device. They were claimed to be properly dutiable at but 27½ per centum ad valorem under paragraph 372 of said act as parts of machines not specially provided for. In our decision, in which we held that said shafts were properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for, we said:

But are such shafts, strictly speaking, parts of machines, within the meaning of said paragraph 372? We think not. At best, they function merely as auxiliary attachments or appurtenances and are simply the media through which the motivating power is transmitted to the machine proper. In this respect they function precisely as do belts. Indeed, it may be said that these shafts are used in lieu of belts. Since such is their sole use, they are no more parts of machines than are belts so classifiable.

In the instant case the only function of the pulley wheels and so-called idlers is to assist, by means of a belt, in transmitting power from the power plant of the factory to a gang of sewing machines located on a so-called power table.

In our opinion the plaintiffs have failed to sustain the burden of proof resting upon them to show error in the collector's classification. All claims are therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.