(C. D. 991)

WELANSKY & GOLDBERG *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 20, 1946)

*Siegel & Mandell* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Arthur R. Martoccia*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

LAWRENCE, Judge: The question before us for determination concerns certain so-called transmitter heads, transmitter cones, transmitter pulleys, top rails, Pitman rods, side legs, and center pieces, used in connection with power tables which are constructed and designed to operate several sewing machines simultaneously.

The articles were classified under the provision in paragraph 397 of the Tariff Act of 1930 for articles or wares not specially provided for, composed wholly or in chief value of metal, and duty was assessed thereon at the rate of 45 per centum ad valorem. They are claimed to be properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as parts of machines, not specially provided for.

At the trial, Max Goldberg, the sole witness herein, testified in substance that he is a partner of the plaintiff, having been associated with the firm for the past 25 years; that their business is "sewing machines and parts"; and that he is familiar with the uses made of the above-named articles in connection with the operation of sewing machines. Through him, there were introduced in evidence as illustrative exhibits A, B, and C, respectively, three printed pictorial representations. The first (illustrative exhibit A) shows a power table equipped with parts similar to those here under consideration, and also an attached electric motor, which, however, forms no part of the present importation. The second (illustrative exhibit B) depicts a part of a power transmitter like the one here imported, and shows how it is used. The third (illustrative exhibit C) shows a power-table frame having attached thereto side legs and center pieces similar to those in this importation.

From an examination of the record and exhibits it appears that the imported transmitter heads, cones, and pulleys are parts of transmitters which convey electric power to the sewing machines; that the top rails, Pitman rods, side legs, and center pieces are articles which enter into the structure of a power table; and that all of said articles are essential parts without which the power table could not properly

or effectively function in transmitting power to the sewing machines.

With the aid of illustrative exhibits A and B, the witness described the operation of the power table and its parts. He pointed out that electric power, supplied by a motor affixed to the floor near the table, turns the shaft which extends from one end to the other beneath the top of the table. The revolving shaft operates the pulleys and belts which convey the power to the transmitters from whence it is carried to the sewing machines. The power thus transmitted may be turned on or off by means of a foot treadle attached to the floor and to the motivating mechanisms.

According to the witness, the foregoing articles constitute a power table which functions as a unit in transmitting power to sewing machines, and that "taking away any one of these parts will nullify the operation of units."

Our first inquiry, then, is whether a power table, as above described, is a machine within the meaning of paragraph 372, *supra*. In the familiar case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, the term "machine" was defined as "a mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion," which definition has been invariably adhered to in a long line of cases.

Based upon the uncontradicted evidence herein, we are of the opinion that the power table, in which the imported articles are to be incorporated, clearly responds to the above-stated judicial interpretation of what constitutes a machine. With its power-driven shaft, pulleys, treadle, and other moving attachments, the table is unquestionably a mechanical device or contrivance which both utilizes and applies the electric energy or force which it transmits to the sewing machines. It is therefore a machine in the tariff sense, and we so hold.

Our next inquiry is: Are the imported articles "parts" of machines? That question must be answered in the light of the applicable test judicially enunciated in *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, which reads:

> It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*. * * * [Italics quoted.]

Again, the uncontradicted testimony of the witness would seem to establish that the articles under consideration are "parts" of power tables, within the court's interpretation of what constitute "parts." The evidence is conclusive that the power table cannot *"function as such article"* without the incorporation therein, as constituent, component, and integral parts thereof, of the articles here under consideration. As explained by the witness, the above-named articles "are put up as a plant consisting of those parts which turn the sewing machine."

In support of the collector's classification of the importation under paragraph 397, *supra*, the Government in its brief herein after alleging "that plaintiff's proof utterly fails to establish that this power table is a machine," adds: "This being so, the facts of this case are on all fours with the facts in the case of *H. P. Cooper & Co.* v. *United States*, C. D. 186, 2 Cust. Ct. 493." But in that case, before any oral testimony was taken, counsel for the plaintiff made this statement:

Mr. TOMPKINS. If the court please, the merchandise under consideration consists of certain pulleys, and hinges, etc., assessed with duty at 45 per centum under paragraph 397 of the tariff act of 1930, as manufactures of metal. These items are claimed to be dutiable at 15 per cent ad valorem or 30 per cent ad valorem under paragraph 372, as parts of sewing machines, in accordance with the value of the sewing machine.

Mr. WEEKS. You claim they are parts of sewing machines?

Mr. TOMPKINS. That is correct.

Notwithstanding the protest also alleged as an alternative claim that the articles there under consideration were dutiable under said paragraph 372 as parts of machines not specially provided for, the evidence adduced was not particularly directed towards establishing the soundness of that claim, but rather to proving, if possible, the contention that the articles were parts of sewing machines. Moreover, such evidence was apparently limited to certain pulleys and so-called idlers, although the protest also covered articles invoiced as shaft boxes for 1¾₆-inch shaft, shaft box Y hangers, screw drivers, machine hinge plates, machine hinge connections, and shaft collars. Not only did the testimony make no mention of the shaft boxes, shaft box hangers, or shaft collars, but the plaintiff formally abandoned the protest as to the hinge plates, hinge connections, and screw drivers.

In the course of our opinion in that case, we said:

Upon this record counsel for the plaintiffs in their brief filed herein apparently abandon their claim that the pulleys and the idlers, which are the only articles of those above invoiced concerning which there is any testimony, are parts of sewing machines. Apparently they now contend that such articles are parts of machines not specially provided for, within the meaning of said paragraph 372, citing in support of such contention the decision in *Japan Import Co.* v. *United States*, T. D. 49224, 72 Treas. Dec. 490.

After pointing out that—

* * * the only function of the pulley wheels and so-called idlers is to assist, by means of a belt, in transmitting power from the power plant of the factory to a gang of sewing machines located on a so-called power table.

we thus expressed our conclusion:

In our opinion the plaintiffs have failed to sustain the burden of proof resting upon them to show error in the collector's classification. All claims are therefore overruled and the decision of the collector is affirmed.

In the circumstances, we do not regard our decision in the *Cooper* case, *supra*, as here controlling, or the facts therein as "on all fours

with the facts" in this case, as alleged by the defendant. Probably more harmonious with the present facts are those established in *Japan Import Co.* v. *United States*, 72 Treas. Dec. 490, T. D. 49224, cited in our decision in the *Cooper* case, *supra*. The transmitters and parts thereof involved in the *Japan Import Co.* case were classified by the collector as parts of machines not specially provided for, and were claimed to be properly dutiable as parts of sewing machines. In overruling that claim and affirming the decision of the collector we said:

It is evident from this testimony that the transmitters and parts thereof in question are parts of a device called a "power table" which may well answer the definition of a machine as judicially enunciated in *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537.

Upon the uncontradicted evidence we find as a fact and conclude as matter of law that the transmitter heads, transmitter cones, transmitter pulleys, top rails, Pitman rods, side legs, and center pieces now before us are properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372, *supra*, as parts of machines not specially provided for, as alleged by the plaintiff. That claim is therefore sustained, and the decision of the collector classifying the articles under paragraph 397, *supra*, is reversed.

Judgment will be entered accordingly.